**QIN CHEN, Petitioner,**

v.

**Alberto GONZALES, Attorney General,\* Respondent.**

**No. 03–40897–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 21, 2005.

---

\* Pursuant to Fed. R.App. P. 43(c)(2), Attorney General Alberto Gonzales has been substituted for former Attorney General John Ashcroft.

Karen Jaffe, New York, NY, for Petitioner.

Kathryn E. Ford, Assistant United States Attorney (Michelle G. Tapken, Acting United States Attorney of the District of South Dakota, on the brief), Sioux Falls, SD, for Respondent.

PRESENT: MINER, SACK and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION,** it is hereby **ORDERED, ADJUDGED, AND DECREED,** that the petition for review be **DENIED** and the pending motion for a stay of removal is **DENIED** as moot.

Qin Chen, a native citizen of the Fujian Province of China, petitions this Court for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA affirmed the immigration judge's ("IJ") decision denying Chen's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief on the basis of the IJ's adverse credibility finding. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. In this appeal, Chen challenges only the IJ's denial of his asylum claim based on the determinations that he lacked credibility, and that, alternatively, he is not entitled to asylum due to a fundamental change in circumstances. Therefore, this Court deems Chen's denial of withholding of removal and CAT claims to have been abandoned. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir.1995).

Review of the IJ's credibility finding is highly deferential, and, therefore, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). An analysis of the record reveals that Chen's testimony was inconsistent with his written application for asylum and his wife's affidavit regarding the date of his alleged arrest, the length of time he was detained, and the number of times he was detained. Specifically, Chen testified to an alleged arrest and month-long detention by family planning officials in January 1995. However, his asylum application indicated that he was arrested one day in February 1995. Chen's wife's affidavit also omitted reference to any month-long detentions. Additionally, Chen's testimony as to another month-long detention in 2001, contradicted his written application, which stated he was detained for one day. Moreover, Chen's testimony and written application asserting that his wife went into hiding without him differed from his wife's letter asserting that they were in hiding together. Because the IJ's adverse credibility finding was based on specific references to inconsistencies and omissions in the record, the BIA properly affirmed the IJ's denial of asylum. *Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005). Therefore, we affirm the BIA's decision upholding the IJ's adverse credibility finding and denying asylum without reference to the IJ's erroneous interpretation of "changed circumstances." *See Cao v. Dept. of Justice,* 421 F.3d 149, 155–56 (2d Cir.2005) (recognizing that because the persecution of forcible sterilization is permanent and continuous it inherently generates an irrebuttable presumption of a well-founded fear of fu-

ture persecution thus precluding the application of "changed circumstances").

For the foregoing reasons, the petition for review is DENIED and the pending motion for a stay of removal is denied as moot.